# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| VICTORIA HOLT | : | DOCKET NO. 04-2297 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a complaint for judicial review of the Commissioner's denial of social security disability benefits. The matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Upon review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is supported by substantial evidence in the record and is consistent with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

On August 8, 2002, Victoria Holt filed applications for Disability Insurance Benefits and Supplemental Security Income payments. (Tr. 47-49). She alleged an inability to work since May 1, 1998, due to rheumatoid arthritis, a sciatic problem in her right leg, and difficulty with her left knee. (Tr. 47, 62, 175-178). The claims were denied at the agency level of the administrative process. (Tr. 27-31). Thereafter, Holt requested, and received a January 27, 2004, hearing before an Administrative Law Judge ("ALJ"). (Tr. 179-187). However, in a February

26, 2004, written decision, the ALJ determined that Holt was not disabled under the Act, finding that she could return to past relevant work as a caregiver/sitter at Step Four of the sequential evaluation process. (Tr. 14-20). Holt appealed the unfavorable decision to the Appeals Council. Yet, on May 4, 2004, the Appeals Council denied Holt's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7).[1]

## **DISCUSSION**

Holt now seeks review of the denial of benefits. She argues that the ALJ erred in failing to honor a partially favorable decision that he purportedly orally rendered at the hearing. At the close of the hearing, the transcript reveals the following,

    ALJ:   Go off the record, please?

    (At this point there ensued an off-the record discussion.)

    (On the record.)

| ALJ: | Mr. Sanner has suggested a closed period of 11/2/01 – I'm going to make it January 1, 2004. Is that correct Mr. Sanner? |
|---|---|
| ATTY: | That is correct, Your Honor. |
| ALJ: | All right. Hearing closed. Thank you. Good luck to you, I'm sorry you don't understand my – |

    (There being nothing further, the hearing was thereafter closed.)
(Tr. 186-187).

It was plaintiff's understanding that the ALJ had granted her a closed period of disability. Yet, plaintiff has not cited any authority that would permit this court to reverse the Commissioner's final decision in this matter. Rather, our review of the Commissioner's decision

---

[1] On October 13, 2004, the Appeals Council granted Holt an extension of time to file the instant civil action. (Tr. 4); *see*, 20 C.F.R. § 404.966(d).

2

is limited to ascertaining "whether (1) the [final] decision is supported by substantial evidence and (2) [that] proper legal standards were used to evaluate the evidence." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)(quoted source omitted); *see also*, *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

To the extent that plaintiff may have relied on the ALJ's initial impression at the hearing, we observe that "social security benefits[ ] are not contractual and may be altered or even eliminated at any time." *Brown v. Apfel* 192 F.3d 492, 497 (5th Cir.1999)(quoting, *United States R.R. Retirement Bd. v. Fritz,* 449 U.S. 166, 174, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980)). There is no vested property or contractual rights in social security benefits, and any deprivation of same is not severe enough to be constitutionally cognizable. *Id*. Indeed, other than the ultimate outcome of the case, plaintiff has not established that she suffered any prejudice due to the ALJ's purported inconsistency.[2]

Plaintiff does not contest that the Commissioner's final decision is supported by substantial evidence. Nor does plaintiff contend that improper legal standards were applied.[3] In fact, the regulations provide that oral decisions are permissible only under certain limited circumstances, not present here. *See*, 20 C.F.R. § 404.953(b).

---

[2] In her reply brief, plaintiff alludes to a shortened hearing and the closing of the evidentiary record. (Pl. Reply Brief). However, she does not establish what additional, material evidence she would have presented. *See, Brock v. Chater*, 84 F.3d 726,728 (5th Cir. 1996)( "To establish prejudice, a claimant must show that [s]he could and would have adduced evidence that might have altered the result.").

[3] In her complaint, plaintiff alleged that the Commissioner's decision was contrary to the law and regulations and not supported by substantial evidence. (Complaint, ¶ 7) However, this argument was not advanced, nor expounded upon in her briefs. Plaintiff further alleged that the record was not fully and fairly developed. (Complaint, ¶ 8). Yet again, this allegation was not advanced, nor has prejudice been established. *See, Brock, supra.*

For the foregoing reasons, the undersigned finds that the Commissioner's determination that Malveau was not disabled under the Social Security Act, is supported by substantial evidence and is free of legal error. Accordingly,

IT IS RECOMMENDED that the Commissioner's decision be affirmed and the matter dismissed.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of November, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE